IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY L. WISE, | : | Civil No. 3:20-cv-1617 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| BERNADETTE MASON, *et al.*, | : | |
| Respondents | : | |

### MEMORANDUM

Petitioner Anthony Wise ("Wise") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the calculation of his parole violation maximum date. (Doc. 1). For the reasons discussed below, the Court will deny the petition.

**I.   Background**

In 1986, Wise was charged with burglary and arson/endangering property in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1, p. 4). Following a jury trial, Wise was found guilty of the charges. (*Id.*). On August 24, 1987, Wise was sentenced to three and a half to ten years on the burglary charge, and three and a half to ten years on the arson/endangering property charge, to be served consecutively. (*Id.*).   On July 26, 2011, Wise was released on constructive parole to a state detainer sentence, with a parole violation maximum date of May 2, 2020. (Doc. 10-1, p. 2). On December 23, 2013, Wise was released on parole from the state detainer sentence. (*Id.* at p. 4). He was to remain on parole until May 2, 2020. (*Id.*).

On March 13, 2017, while on Pennsylvania state parole, Wise was charged with new criminal offenses in New Jersey. (*Id.* at pp. 6-10). Wise ultimately pled guilty to eluding and resisting arrest in the New Jersey case. (*Id.* at p. 12). On July 20, 2018, the New Jersey state court sentenced Wise to a total term of imprisonment of five years. (*Id.*).

On March 6, 2019, in the Court of Common Pleas of Cumberland County, Pennsylvania, Wise pled guilty to retail theft and was sentenced to a one-to-two-year term of imprisonment. (*Id.* at pp. 17-18). On December 12, 2019, Wise was returned to a Pennsylvania state correctional institution.

On January 21, 2020, the Pennsylvania Board of Probation and Parole (the "Board") conducted a parole revocation hearing. On April 23, 2020, the Board issued a decision and revoked Wise's parole based on the retail theft conviction. (*Id.* at pp. 20-21). Wise was recommitted to a state correctional institution as a convicted parole violator to serve twelve months backtime. (*Id.*). The Board established his parole violation maximum date as August 22, 2028. (*Id.*). Wise did not file an appeal or a petition for administrative review of the April 23, 2020 decision under 37 Pa. Code. § 73.1. Wise did not file an action in the Commonwealth Court of Pennsylvania or the Supreme Court of Pennsylvania to challenge the April 23, 2020 decision.

II. **Legal Standards**

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A.     Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respect for the state court system requires that the

petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

To exhaust a claim that the Pennsylvania Board of Probation and Parole violated an inmate's constitutional rights, the inmate must: (1) comply with the Board's rules regarding administrative review, (2) present his claims to the Commonwealth Court, and (3) file a petition for allowance of appeal in the Pennsylvania Supreme Court. 37 Pa. Code § 73.1; 42 Pa.C.S.A. § 763(a); Pa. R.A.P. 1114. A petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. If the petitioner fails to seek review from the

Pennsylvania Supreme Court, then the state claim is unexhausted. *See Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007).

### B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

5

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## III. Discussion

In the habeas petition, Wise argues that he should have been released on May 2, 2020, the altered maximum date of his original sentence. (Doc. 1, p. 6). In response, Respondents argue that Wise failed to exhaust his remedies. (Doc. 11).

### A. Exhaustion

To properly exhaust his claims against the Board, Wise was required to complete three steps. First, Wise had to file a timely petition for administrative review of the Board's April 23, 2020 decision. *See* 37 Pa. Code § 73.1. Second, Wise was required to appeal that decision to the Commonwealth Court of Pennsylvania in a timely manner. *See* 42 Pa. C.S. § 763(a). Third, Wise was required to file a petition for allowance of appeal with the Pennsylvania Supreme Court within thirty days of the Commonwealth Court's decision. *See* Pa. R.A.P. 1114. *See also Williams*, 232 F. App'x at 179-80 (holding that a party challenging the Board's parole revocation decision is "required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court").

7

Wise did not complete any of these steps—he did not file a request for administrative relief with the Board, he did not take an appeal to the Commonwealth Court, and he did not seek review in the Supreme Court of Pennsylvania. Consequently, Wise has procedurally defaulted his claims and he has failed to demonstrate cause or prejudice to excuse the default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As such, Wise's challenge to the Board's parole revocation decision and calculation of his maximum sentence cannot be reviewed in this Court and his habeas petition must be dismissed.

Even if the Court concluded that Wise's claim was not procedurally defaulted, the Court would find that the claim lacks merit. Wise is incarcerated because his parole was revoked after he committed new criminal offenses while he was at liberty on parole. Under Pennsylvania law, parolees who commit crimes during the period of parole are subject to having their parole revoked. *See* 61 Pa.C.S.A. § 6138(a). A parolee whose parole is revoked because of a new conviction does not receive credit for time at liberty on parole against his maximum sentence. *See* 61 Pa.C.S.A. § 6138(a)(2). For all the foregoing reasons, the Court will deny the habeas petition.

**B.   Ex Post Facto Claim**

Wise also asserts that the Parole Board's recalculation of his parole violation maximum date violates his rights under the Ex Post Facto Clause of the Constitution. (Doc. 16). This claim is also meritless.

8

Article I, Section 10 of the United States Constitution provides that "[n]o State shall ... pass any . . . ex post facto Law . . . ." U.S. Const. art. 1, § 10, cl. 1. The Ex Post Facto Clause applies to a statute or policy change which "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Richardson v. Pennsylvania Bd. of Probation and Parole*, 423 F.3d 282, 287 (3d Cir. 2005) (quoting *California Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 (1995)). An ex post facto inquiry looks at two relevant factors: (1) whether there was a change in the law or policy which has been given retrospective effect, an (2) whether the offender was disadvantaged by the change. *Richardson*, 423 F.3d at 288 (citing *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). In order to violate the Ex Post Facto Clause, a retroactive change to the law must create a "sufficient risk of increasing the measure of punishment attached to the covered crimes"; a "speculative and attenuated possibility of . . . increasing the measure of punishment" is not sufficient. *Morales*, 514 U.S. at 509.

Although there may be some instances where "[r]etroactive changes in laws governing parole of prisoners . . . may be violative of [the Ex Post Facto Clause]," *Garner v. Jones*, 529 U.S. 244, the Supreme Court has also noted that there is an "inherent difficulty in deciding whether a retroactive change to parole policy constitutes an Ex Post Facto violation, particularly considering the discretion generally afforded to parole boards in making the ultimate parole determination." *Richardson*, 423 F.3d at 288. A prisoner carries "the ultimate burden of establishing that the measure of punishment itself has changed,"

9

*Garner*, 529 U.S. at 255, and "must show that as applied to his own sentence the law creates a significant risk of increasing his punishment," *Morales*, 514 U.S. at 510 n.6.

Here, Wise was sentenced on August 4, 1987. At the time Wise was sentenced in 1987, convicted parole violators were not entitled to credit for time at liberty on parole. *See Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979). Wise has not identified any law or policy that he claims the Board applied retroactively to him that led to him facing any new punishment. Instead, the revocation of Wise's parole and the recalculation of his parole violation maximum date were done in accordance with Pennsylvania state law and were a consequence of Wise's criminal conviction and the Board's exercise of its statutory authority. Accordingly, the habeas petition will also be denied on this ground.

## IV.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Wise failed to demonstrate that a certificate of appealability should issue.

## V.   Conclusion

The Court will deny Wise's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a certificate of appealability will not issue. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April 13, 2022